UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY HENRY LEWIS,

    Movant,

v.

    Case No: 1:16-cv-722

    HON. JANET T. NEFF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Leroy Henry Lewis (ECF No. 1). Movant's appointed counsel filed a supplemental brief in support of the motion (ECF No. 23) and the Government has filed a response (ECF No. 30). For the reasons herein, the motion will be denied.

### I. Background

In 2002, a jury found Movant guilty of being a felon in possession of a firearm, possession of a stolen firearm, and possession with intent to distribute cocaine base. At sentencing, the Court determined that he had at least three prior convictions that qualified as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The ACCA raised the minimum term of imprisonment for Movant's felon-in-possession conviction to 15 years, with a maximum of life imprisonment. Without the ACCA enhancement, his longest possible term for this conviction was 15 years. His maximum terms for the stolen firearm and drug convictions were 10 and 20 years, respectively. The ACCA enhancement also elevated his range of sentence under the Sentencing Guidelines. After considering the relevant factors, the Court sentenced Movant to 15 years for the

felon-in-possession conviction, 10 years for the stolen firearm conviction, and 20 years for the drug conviction, to be served concurrently.

This is Movant's second motion to correct his sentence under § 2255. The Court of Appeals for the Sixth Circuit has given him authorization to file a second or successive motion. He claims that his sentence is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), which held that the "residual clause" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. *Johnson II*, 135 S. Ct. at 2557. The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized text in the definition above is the residual clause. The clause in subsection (i) is known as the "elements" clause, and the remaining portion of subsection (ii) is known as the "enumerated offenses" clause.

According to his presentence report, Movant was convicted of breaking and entering in 1969, armed robbery in 1978, unarmed robbery in 1984, and unarmed robbery in 1990. All of these convictions were in Michigan. The ACCA applies to a person who violates 18 U.S.C. § 922(g) and has at least three previous convictions for a violent felony. 18 U.S.C. § 924(e)(1). Movant asserts that his prior convictions do not qualify as violent felonies after *Johnson II*; thus, his sentence is improper. Respondent argues (1) that Movant has not met his burden of proof of demonstrating that

2

his sentence is based on the residual clause; and (2) that Movant's convictions for armed robbery and unarmed robbery qualify as violent felonies even after *Johnson II*.

## II. Analysis

### A. Burden of Proof

Respondent argues that Movant's motion should be denied because he cannot meet his burden of proof of showing that he was sentenced under the residual clause of the ACCA. Neither the sentencing transcript nor the pre-sentence report indicate whether the Court relied upon the residual clause when determining that Movant's prior convictions are violent felonies.

The Sixth Circuit has not addressed this argument, and other courts considering it have reached different conclusions, even within the same Circuit. Some courts have indicated that the burden is on the movant to show that the court relied upon the residual clause, even where the record is unclear. *See In re Moore*, 830 F.3d 1268, 1271-72 (11th Cir. 2016); *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (opining that a prisoner "must show that he was sentenced under the residual clause in the ACCA"). Others have been unwilling to put such a burden on the movant. *See, e.g.*, *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) ("We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony."); *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017) ("[W]hen it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II*."); *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016) (criticizing *Moore* and noting that its standard is unworkable because a court is not required by law to specify at sentencing which clause in the ACCA it is relying upon). The Tenth Circuit apparently

3

puts the burden on the movant, but allows a court to consider the "background legal environment," i.e., the "controlling law . . . at the time of sentencing," to determine whether the court relied upon the residual clause. *United States v. Snyder*, — F.3d —, No. 16-8117, 2017 WL 4171886, at *5 (10th Cir. Sept. 21, 2017).[1]

This Court need not determine which standard to apply in this case because the Court finds that Movant has at least three prior convictions that qualify as violent felonies under the elements clause.

**B. Elements Clause**

Respondent argues that *Johnson II* has no impact on Movant's sentence because three of his prior convictions fall under the "elements" clause in the ACCA–that is, they have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). To determine whether this is so, the Court applies the "categorical" approach, "looking to the statutory definition[s] of the offense[s] and not the particular facts underlying the conviction[s]." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citations omitted). This Court is bound by the state supreme court's interpretation of state law. *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("*Johnson I*"). However, if the statute is "divisible"–that is, it "comprises multiple, alternative versions of the crime," then the Court may look at a "limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction."*Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). If one, but

---

[1] At the time of Movant's sentencing, no binding precedent established that armed robbery and unarmed robbery were violent felonies. But in an unpublished case, the Sixth Circuit held that armed robbery is a violent felony under the elements clause. *United States v. Curtsinger*, Nos. 92-6044, 92-6067, 1993 WL 424842, at *22 (6th Cir. Oct. 20, 1993).

not all, of the alternative versions of the offense qualify under the "elements" clause, then the Court must determine which version applied to the defendant. *Id.* at 2285.

Regarding the definition of "physical force" in the elements clause, the Supreme Court has clarified that it means "*violent* force–that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. Although the "slightest offensive touching" may be sufficient force for battery under common law, it is not sufficient to constitute physical force under the ACCA. *Id.* at 140-42.

### 1. Breaking and Entering

Respondent concedes that Movant's conviction for breaking and entering is not a violent felony after *Johnson II*. Thus, Movant's other three prior convictions must qualify as violent felonies in order for the ACCA to apply.

### 2. Unarmed Robbery

At the time of Movant's unarmed robbery offenses in 1984 and 1990, Michigan's unarmed robbery statute provided:

> Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.

Mich. Comp. Laws § 750.530 (P.A. 1931, No. 328 § 530). This "offense can be accomplished either by force and violence, or by assault, or putting in fear." *People v. Gardner*, 265 N.W.2d 1, 5 (Mich. 1978).

The Courts of Appeal for the Sixth, Seventh, and Eighth Circuits have all concluded that a conviction for unarmed robbery under this statute is categorically a violent felony under the

5

elements clause. *United States v. Mathews*, 689 F. App'x 840, 845 (6th Cir. 2017); *United States v. Lamb*, 638 F. App'x 575 (8th Cir. 2016), *vacated on other grounds*, 137 S. Ct. 494 (2016), *relevant portion of opinion reinstated*, 847 F.3d 928, 930 (8th Cir. 2017); *United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997). In other words, the statute, as interpreted by the Michigan Supreme Court, requires the "use, attempted use, or threatened use" of "violent" physical force under all versions of the offense.

Movant argues that unarmed robbery is not a violent felony when it is accomplished by "putting in fear." However, the Sixth Circuit rejected this argument in *Mathews*, noting the discussion of the unarmed robbery statute in *People v. Randolph*, 648 N.W.2d 164 (Mich. 2002) and *People v. Kruper*, 64 N.W.2d 629 (Mich. 1954). According to the Michigan Supreme Court, the unarmed robbery statute is derived from common law. *Randolph*, 648 N.W.2d at 167. Robbery at common law, as distinguished from larceny, involves "taking the property of another in his presence and against his will, by putting him *in fear of immediate personal injury*[.]" *Id.* at 167 n.6 (emphasis added). The statute "excludes a nonforceful taking[.]" *Id.* at 168. "Whenever the elements of force or putting in fear enter into the taking, and that is the cause which induces the party to part with his property, such taking is robbery. *This is true regardless of how slight the act of force or the cause creating fear may be, provided, in the light of the circumstances, the party robbed has a reasonable belief that he may suffer injury unless he complies with the demand.*" *Kruper*, 64 N.W.2d at 632 (emphasis added); *see People v. Hearn*, 406 N.W.2d 211, 214 (Mich. Ct. App. 1987) ("When a person is induced to part with property out of fear, the test to determine whether a robbery has been committed is whether 'the party robbed has a reasonable belief that he may suffer injury unless he complies with the demand.'") (quoting *Kruper*, 64 N.W.2d at 632). Thus, although unarmed robbery

6

can be accomplished by assault or by "putting [the victim] in fear," the Michigan Supreme Court has interpreted this to require force or threat of force that is sufficient to put one in reasonable fear of physical injury. *Mathews*, 689 F. App'x at 845. Such a use of force or threat of force satisfies the physical force requirements of *Johnson I*.

The Eighth Circuit reached a similar conclusion in *Lamb*. *See Lamb*, 638 F. App'x at 577 ("The term, 'assault or putting in fear,' as construed by the Supreme Court of Michigan, is clearly limited to conduct that accomplishes a forceful taking (or attempted taking) by using violence or the threat of violence to put the victim in fear of 'immediate personal injury.'") (quoting *Randolph*, 648 N.W.2d at 167-68 & n.6). Although *Mathews* and *Lamb* are not binding, they are persuasive.

Movant notes that the Michigan Model Jury Instructions define "force or violence" to mean "any use of physical force against another person so as to harm or embarrass [him/her]." Mich. Crim. JI 17.14. Movant contends that the use of physical force to "embarrass" another person is not violent force under *Johnson I*. That may be so, but the instructions cited by Movant do not apply to the statute under which he was convicted. The version of the statute in effect in 1984 and 1990 required force *and* violence, not force *or* violence. It is not at all apparent that the cited instructions would also apply to the statute in effect in 1990 and earlier. Nor is it apparent that Michigan courts would approve a conviction for unarmed robbery based on a use of force that merely embarrassed the victim. The Court is aware of no Michigan case in which a person was convicted of robbery for such conduct. Indeed, it is hard to conceive how a robbery could be accomplished by embarrassing someone. Movant claims that someone could be found guilty of a robbery by pulling down someone's pants in public, but that scenario seems highly improbable. The Court's "'focus on the minimum conduct criminalized by the state statute is not an invitation to apply "legal imagination"

7

to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside' the limitations of the elements clause." *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85 (2013)).

In a similar vein, Movant argues that a robbery victim could be "put in fear" by something that does not involve any use or threatened use of force. For instance, a victim could be put in fear by a "panhandler" as a result of the panhandler's appearance and not as a result of any action by the panhandler. However, Michigan courts have been clear that the victim's fear must be founded on a "reasonable belief that he may suffer injury." *Hearn*, 406 N.W.2d at 214. Thus, a subjective fear of panhandlers is not enough. The fear must be reasonable, and it must involve a fear of injury. Moreover, the language of the statute ("[a]ny person who shall . . . by . . . putting in fear") makes clear that the fear must be the result of conduct by the defendant.

Movant also notes that unarmed robbery can be accomplished by "assault," which is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Starks*, 701 N.W.2d 136, 140 (Mich. 2005). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Reeves*, 580 N.W.2d 433, 435 n.4 (Mich. 1998). Thus, in theory, to accomplish unarmed robbery via assault, the minimal amount of force required is either an attempt to make an offensive touch, or an action that puts the victim in reasonable apprehension of an offensive touch. An offensive touch does not require force capable of causing physical injury. Under *Kruper*, however, the use or threat of force is sufficient for robbery only if it induces a "reasonable belief that [the victim] may suffer injury[.]" *Kruper*, 64 N.W.2d at

8

632. Without such a threat of harm, the crime is larceny, not robbery. *Randolph*, 648 N.W.2d at 174 n.23. Thus, the assault and putting-in-fear variants of unarmed robbery require the equivalent of a threat of physical force that is capable of causing physical injury. Such a threat satisfies *Johnson I*. *See Lamb*, 638 F. App'x at 577.

In short, like the Courts of Appeal for the Sixth, Seventh, and Eighth Circuits, this Court concludes that a conviction for unarmed robbery is a violent felony under the elements clause. *Johnson II* did not invalidate the elements clause in the ACCA. Consequently, Movant's convictions for unarmed robbery qualify as violent felonies even after *Johnson II*.

### 2. Armed Robbery

At the time of Movant's armed robbery offense in 1978, Michigan's armed robbery statute provided:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall not be less than 2 years' imprisonment in the state prison.

Mich. Comp. Laws § 750.529 (P.A. 1931, No. 328 § 529, amended by P.A. 1959, No. 71). The "essential elements" of this offense are: "One, an assault by the defendant upon the complainant; two, a felonious taking of any property which may be the subject of a larceny from the complainant's person or in his presence; and three, that the defendant was armed with a dangerous weapon." *People v. Clark*, 317 N.W.2d 664, 665 (Mich. Ct. App. 1982).

"[U]narmed robbery is a necessarily included lesser offense of armed robbery." *People v. Allen*, 265 N.W.2d 47, 49 (Mich. Ct. App. 1978); *accord People v. Reese*, 647 N.W.2d 498, 501

9

(Mich. 2002). In other words, "[i]f there is evidence to allow the case to go to the jury on the higher armed robbery offense, there must necessarily be evidence adduced at trial to support a charge of unarmed robbery." *People v. Chamblis*, 236 N.W.2d 473, 481 (Mich. 1975), *overruled on other grounds in People v. Cornell*, 646 N.W.2d 127, 139 (Mich. 2002).

If unarmed robbery is a violent felony under the elements clause, and if unarmed robbery is necessarily included in the offense of armed robbery, then armed robbery must also qualify as a violent felony, because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see United States v. Spicer*, No. 15-cr-20162, 2017 WL 3328147, at *3 (E.D. Mich. Aug. 4, 2017) ("Because a conviction for armed robbery inherently requires that the elements of robbery be satisfied, the Sixth Circuit's reasoning in *Matthews* applies."). Therefore, Movant's convictions for armed robbery and unarmed robbery are violent felonies under the elements clause of the ACCA. Because Movant has three prior convictions that qualify as violent felonies under the ACCA even without the residual clause, *Johnson II* has no impact on his sentence.

### III. Conclusion

Movant's motion is without merit. He has three prior convictions that qualify as violent felonies even after *Johnson II*. There is, thus, no basis for vacating his sentence. Accordingly, his motion under § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this

Court's assessment and disposition of Movant's claim debatable or wrong. Consequently, the Court will deny a certificate of appealability.

The Court will enter an order and judgment in accordance with this Opinion.


Dated: October 19, 2017                     /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge